IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., Individually and on behalf of all others similarly situated, | ) ) ) ) Case No. 1:14-cv-08132 |
| Plaintiff, | ) ) Hon. Judge Rebecca R. Pallmeyer |
| v. | ) ) Hon. Magistrate Judge Sidney L. Schenkier ) |
| EXP PHARMACEUTICAL SERVICES CORP., and JOHN DOES 1-10, | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

Plaintiff Glen Ellyn Pharmacy, Inc. respectfully requests that this Court grant the Motion for Preliminary Approval of Settlement: (i) preliminarily certifying a class for settlement purposes; (ii) granting preliminary approval of the Settlement Agreement attached hereto as Appendix A; and (iii) appointing Glen Ellyn Pharmacy, Inc. as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as class counsel. In support of this motion, Plaintiff states as follows:

1.  Plaintiff filed the above-captioned lawsuit against defendant, EXP Pharmaceutical Services Corp. ("EXP" or "Defendant"), alleging that it violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the common law of conversion, by sending unsolicited facsimile advertisements to Plaintiff and other members of the nationwide class that did not contain an opt out notice in the form required by 47 U.S.C. § 227.

2.  Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the

1

litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

3. Based upon this review and analysis, Plaintiff and the Defendant entered into the Settlement Agreement, attached hereto as <u>Appendix A</u>.[1]

4. The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Settlement Agreement, including, without limitation, the following:

  a. <u>Class Certification</u>. The parties agree to the certification of a class, for settlement purposes only, consisting of:

> All persons and entities who were subscribers to fax numbers that were sent faxes by or on behalf of EXP between October 17, 2010 and October 18, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227.

EXP represents that based on a review of its records, approximately 409 unique fax numbers were identified to have been sent a total of approximately 481 facsimiles similar to those attached as an exhibit to the Class Action Complaint during the Class Period (October 17, 2010 and October 18, 2014).

5. <u>Settlement Recovery</u>. EXP shall create a $35,000.00 Settlement Fund (hereinafter "the Settlement Fund"). The Settlement Fund will be distributed as follows:

  a. Reasonable costs of notice and administration will be paid from the Settlement Fund up to a maximum of $1,000.

  b. Plaintiff's counsel's attorney's fees must be approved by the Court. Plaintiff's counsel shall submit a request for attorney's fees in an amount not to exceed

---

[1] All capitalized terms not otherwise defined herein are defined in accordance with the definitions set forth in the Settlement Agreement.

$11,666.67 or 1/3 of the Settlement Fund.

    c. Plaintiff's incentive award must be approved by the Court. Plaintiff Glen Ellyn Pharmacy, Inc. shall submit a request for an award of $2,000 as an incentive award for services as a Class Representative. This amount shall be in addition to any amount plaintiff may recover as a Settlement Class Member.

    d. If the deductions described in subparagraphs (a)-(c) are approved by the Court, the Net Settlement Fund (no less than $20,333.33) will be divided pro rata among Settlement Class Members who timely submit a valid Claim Form, up to the maximum statutory damages permitted under 47 U.S.C. § 227(b)(3).

    e. All settlement checks shall be void 60 days from the date of issuance and shall so state on the check. Any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to a *cy pres* recipient, selected by the parties and approved by the Court.

    6. Class Notice. The Settlement Agreement provides for notice by facsimile. Several courts both within and outside this District have approved the sending of notice by facsimile in TCPA class action settlements. *See e.g.*, C.E. Design, Ltd. v. King Supply Co., LLC, 09 C 2057, 2012 WL 2976909 (N.D. Ill. July 20, 2012); Wood Dale Chiropractic, Ltd. v. DrFirst.com, Inc., 12 C 780 (N.D. Ill.)(*Dkt. No. 73*)(fax and publication notice); Able Home Health, LLC and Dr. G. Neil Garrett DDS, PC v. Globe Medical-Surgical Supply Co., 12 C 5608 (N.D. Ill.) (*Dkt No. 90*)(fax notice); Dr. William P. Gress v. Northwood, Inc., 12 C 7278 (N.D. Ill.)(*Dkt. No. 38*)(fax and mail notice); Able Home Health, LLC v. Healthy Advice Communications, Inc., 12 C 3019 (N.D. Ill.)(*Dkt. No. 60*)(fax and mail notice); Richard Wade Architects, P.C. v. Engineering Services and Products Company, 11 C 9251 (N.D. Ill.)(*Dkt. No.*

*58*)(fax notice); City Select Auto Sales, Inc. v. David Randall Associates, Inc., 11-2658 (JBS/KMW), 2014 WL 413533 (D.N.J. Feb. 3, 2014). Vandervort v. Balboa Capital Corp., SACV 11–1578–JLS (JPRx), 2014 WL 1274049 (C.D. Cal. March 27, 2014); A & L Industries, Inc. v. P. Cipollini, Inc., 12-07598, 2014 WL 906180, at *1 (D.N.J. March 7, 2014)(rejecting arguments that notice had to be served in accordance with Rule 5(b); "Rule 23(c) should supersede because Rule 23(c) addresses class notice specifically, whereas Rule 5 addresses service generally..."). See MacLean-Fogg Co. v. Ningbo Fastlink Equipment Co., Ltd., 08 C 2593, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008) (Court allowed service of summons and complaint to Chinese defendants by email and fax); Fed. R. Civ. P. 4 Commentary provides that a waiver of service may be sent by fax.

  The Settlement Agreement provides that within 5 days after entry of the Preliminary Approval Order, EXP's counsel shall provide the Fax List to Settlement Class Counsel and/or the Class Administrator. Within 35 days after entry of the Preliminary Approval Order, Class Counsel or a designated Class Administrator shall cause Notice (Exhibit 1 to the Settlement Agreement, which includes a Claim Form) to be sent to the facsimile numbers identified on the Fax List. Settlement Class Members shall have at least 60 days after the first date on which Notice is sent to submit a Claim Form, request exclusion from the Settlement Agreement, or object to the Settlement Agreement.

  Settlement Class Counsel will also post the Notice in the form of Exhibit 2 to the Agreement, excluding a Claim Form, and the Settlement Agreement (excluding exhibits) on their firm's website.

  7. Class Members' Right to Opt Out. Any member of the Settlement Class may seek to be excluded from the Settlement Agreement and the releases therein by opting out of

the Settlement Class within the time period set by this Court. Any member who opts out of the Settlement Class shall not be bound by any prior Court order or the terms of the Settlement Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement. Class members will have at least 60 days after the first date on which Notice is sent to opt out of the Settlement Agreement.

8. <u>Claim Form</u>. In order to receive the consideration provided under the Settlement Agreement, each Settlement Class Member must timely return a Claim Form which will be provided with the Notice sent via facsimile. Settlement Class Members will be provided with the option to return a claim form by fax or via U.S. Mail. dedicated website. After the deadline for the receipt of claim forms expires, Class Counsel will determine the number of valid Claim Forms received.

9. <u>Class Members' Right to Object</u>. Any Settlement Class Member may object to the Settlement Agreement by filing with the Court and mailing to Settlement Class Counsel and counsel for Defendants a written objection within the time period set by this Court. Any member who objects to the Settlement Agreement may appear and be heard at the final approval hearing. Class Members will have at least 60 days after the first date on which actual Notice is sent to object to the Settlement Agreement.

10. Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defenses of the representative parties are typical of the claims defenses of the class, and**

5

> **(4) The representative parties will fairly and adequately protect the interest of the class.**

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated below, each of the requirements for certification of the Settlement Class is met.

    a.    Rule 23(a)(1) -- Numerosity. Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. Kulins v. Malco, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); Swanson v. American Consumer Industries, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

    In the present case, EXP has represented that, based on a review of its records, and other documents, the fax at issue was sent to approximately 409 unique fax numbers. This plainly satisfies the numerosity requirement.

    b.    Rule 23(a)(2) -- Commonality; and Rule 23(b)(3)- Common

Questions of Law or Fact Predominate. Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law or fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. Blackie v. Barrack, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. McClendon v. Continental Group, Inc., 113 F.R.D. 39, 43-44 (D.N.J. 1986); Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 114 F.R.D. 48, 52 (S.D.N.Y. 1987); Spicer v. Chicago Board Options Exchange, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); Alexander Grant & Co. v. McAlister, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984); Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

Here, there are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

(1) Whether Defendant engaged in a pattern of sending unsolicited facsimile advertisements;

(2) Whether Defendant sent, or caused to be sent, the facsimiles at issue;

(3) Whether Defendant thereby violated the TCPA;

(4) Whether Defendant thereby converted the property of Plaintiff and other Settlement Class Members.

7

> (5) The manner in which Defendant compiled or obtained their list of facsimile numbers.

The Settlement Class is defined in terms of all persons and entities with fax numbers that, during the Class Period, were sent facsimiles by or on behalf of EXP Pharmaceutical Services Corp. promoting its goods or services for sale and which do not contain an opt out notice as described in 47 U.S.C. § 227.

Several courts have certified class actions under the TCPA. Holtzman v. Turza, 08 C 2014, 2009 WL 3334909 (N.D. Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); CE Design Ltd. v. Cy's Crabhouse North, Inc., 07 C 5456, 2009 U.S. Dist. LEXIS 67323 (N.D. Ill. July 27, 2009); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Targin Sign Sys. v. Preferred Chiropractic Ctr., Ltd., 679 F.Supp. 2d 894 (N.D. Ill 2010); Garrett v. Ragle Dental Lab, Inc., 10 C 1315, 2010 WL 4074379 (N.D. Ill. Oct. 12, 2010); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Transportation Institute v. Promo Dart, Inc., No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); Kavu, Inc. v. Omnipak Corporation, 246 F.R.D. 642 (W.D. Wash. 2007); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Airz. (App.) 94, 50 P.3d 844 (2002); Critchfield Physical Therapy v. Taranto Group, Inc., 293 Kan. 285, 263 P.3d 767 (2011); Karen S. Little, LLC v. Drury Inns, Inc., 306 S.W.3d 577 (Mo. App. 2010).

      c.    Rule 23(a)(3) – Typicality. Rule 23 requires that the claims of the named Plaintiff be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course

> of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the class members has been subjected to the same practice as the named Plaintiff, namely they are persons and entities with facsimile numbers that, during the Class Period, were sent faxes by or on behalf of EXP Pharmaceutical Services Corp., promoting its goods or services for sale and which do not contain an opt out notice as described in 47 U.S.C. § 227.

    d. Rule 23(a)(4) -- Adequacy of Representation. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992).

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Counsel's qualifications are set forth in Appendix B. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

    e. Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual

actions. "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." Brady v. LAC, Inc., 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

Lake v. First Nationwide Bank, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

11. Counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

WHEREFORE, plaintiff respectfully requests that this Court enter an order in the

form of <u>Exhibit 3</u> to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) appoints Glen Ellyn Pharmacy, Inc. as a Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as class counsel; (iii) directs the faxing of the Class Notice and a Claim Form in the form of <u>Exhibit 1</u> to the Settlement Agreement, and (iv) enjoins any member of the Settlement Class from commencing, prosecuting or continuing to pursue on behalf of a class any of the Released Claims, and (v) sets dates for submission of Claim Forms, opt-outs, appearances and objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

                                                Respectfully submitted,

                                                /s/ Dulijaza Clark
                                                Dulijaza Clark

Daniel A. Edelman
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Dulijaza Clark, certify that on April 8, 2015, I caused a true and accurate copy of the foregoing document to be served, via the Court's CM/ECF system, upon the following parties:

David S. Almeida
Mark Stephen Eisen
David Mitchell Poell
Sheppard Mullin Richter & Hampton, LLP
70 W. Madison Street
48th floor
Chicago, IL 60602
312-499-6300
312-499-6301 (fax)
dalmeida@sheppardmullin.com
meisen@smrh.com
dpoell@sheppardmullin.com


                                                /s/ Dulijaza Clark
                                                Dulijaza Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)