# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| Individually and on behalf of all others | ) | |
| similarly situated, | ) | Case No. 1:14-cv-08132 |
| | ) | |
| Plaintiff, | ) | Hon. Judge Rebecca R. Pallmeyer |
| | ) | |
| v. | ) | Hon. Magistrate Judge Sidney L. Schenkier |
| | ) | |
| EXP PHARMACEUTICAL SERVICES | ) | |
| CORP., and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY STIPULATED AND AGREED** by and among Glen Ellyn Pharmacy,

Inc. ("Plaintiff" or "Class Representative"), individually and on behalf of all others similarly

situated, with the assistance and approval of Class Counsel, on the one hand, and EXP

Pharmaceutical Services Corp. ("EXP" or "Defendant"), with the assistance of their counsel, on

the other hand, as set forth below:

## INTRODUCTION

This Settlement Agreement is made for the sole and exclusive purpose of consummating

settlement of the Lawsuit (as this term and all other capitalized terms are defined in Section 1

below) on a class-wide basis. This Settlement Agreement is made in full compromise and

release of all disputed claims in the Lawsuit.

**NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED**

by and among the Class Representative (for itself and the Settlement Class Members) and

Defendant, with the assistance of their respective counsel, that, as among the Settling Parties, and

all Settlement Class Members, the Lawsuit and the Released Claims shall be finally and fully

compromised, settled and released, and the Lawsuit shall be dismissed with prejudice, as to each

of the Settling Parties, upon and subject to the terms and conditions set forth herein.

## RECITALS

**WHEREAS**, on October 17, 2014, the Lawsuit, captioned as *Glen Ellyn Pharmacy, Inc. v. EXP Pharmaceutical Services Corp.*, United States District Court, Northern District of Illinois, Eastern Division, docket no. 14-cv-8132, was filed by Plaintiff, individually and on behalf of all others similarly situated, and is currently pending before the Hon. Judge Rebecca R. Pallmeyer and is unresolved among the Settling Parties;

**WHEREAS**, in the Lawsuit, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") as well as committed common law conversion by sending or causing to be sent unsolicited facsimile advertisements;

**WHEREAS**, in the Lawsuit, Plaintiff seeks damages on behalf of the Settlement Class defined as: all persons and entities who were subscribers to fax numbers that were sent faxes by or on behalf of EXP between October 17, 2010 and October 18, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227;

**WHEREAS**, Defendant denies Plaintiff's claims, denies any liability to Plaintiff and the putative class, and denies any wrongdoing of any kind regarding the allegations asserted in the Lawsuit;

**WHEREAS**, Plaintiff represents and warrants that it owned or leased its facsimile machine which received the faxes at issue in the Litigation at the time the faxes were received.

**WHEREAS**, the Settling Parties have engaged in extensive arms-length settlement negotiations, and Class Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Lawsuit and have concluded, taking into account the benefits that Plaintiff and any Settlement Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement, upon the terms and conditions set forth below, is fair, reasonable and adequate and in the best interests of Plaintiff and the Settlement Class Members;

## DEFINITIONS

As used in all parts of this Settlement Agreement, the following terms have the meanings

specified below:

1.1    "Claim Deadline" means the date sixty (60) days after entry of a Preliminary Approval Order or, if such date is not acceptable to the Court, the date set by the Court as the deadline for Settlement Class Members to submit claims.

1.2     "<u>Claim Form</u>" means the form attached hereto as **Exhibit 1**.

1.3     "<u>Class Action Complaint</u>" means the complaint filed by Plaintiff on October 17, 2014.

1.4     "<u>Class Administrator</u>" means the class settlement administrator mutually agreed upon by the Parties.

1.5     "<u>Class Counsel</u>" means Cathleen M. Combs, Dulijaza Clark, James O. Latturner, and Daniel A. Edelman of Edelman, Combs, Latturner & Goodwin LLC.

1.6     "<u>Class Notice</u>" means the notice to be approved by the Court as set forth in paragraph 2.5.

1.7     "<u>Class Representative</u>" means Plaintiff.

1.8     "<u>Class Recovery</u>" means the relief set forth below at paragraph 2.2(b) that will be distributed to each Settlement Class Member who submits a Valid Claim Form.

1.9     "<u>Court</u>" means the United States District Court for the Northern District of Illinois.

1.10     "<u>Defendant</u>" means EXP Pharmaceutical Services Corp.

1.11     "<u>Defendant Affiliate</u>" means any and all of the present or past predecessors, successors, subsidiaries, and affiliated companies of EXP Pharmaceutical Services Corp.

1.12     "<u>Effective Date</u>" means the date on which the Final Approval Order becomes Final.

1.13     "<u>Fairness Hearing</u>" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering the Final Approval Order.

1.14     "<u>Fax List</u>" means the list of facsimile numbers at which the Settlement Class Members received the facsimile transmissions at issue.

1.15     "<u>Final</u>" means the later of: (i) the date the Final Approval Order is entered by the Court if no objection(s) is filed; or (ii) the date of expiration of the time for noticing a valid appeal from the Final Approval Order if an objection(s) is filed and an appeal is not noticed; or (iii) the date of final affirmation or dismissal of the last pending appeal if an appeal is noticed.

1.16     "<u>Final Approval Order</u>" means an order to be entered by the Court entitled "Final Approval Order," substantially in the form attached hereto as **Exhibit 4**.

1.17     "<u>Lawsuit</u>" means the following lawsuit currently pending in the Court: *Glen Ellyn Pharmacy, Inc. v. EXP Pharmaceutical Services Corp.*, United States District Court, Northern

District of Illinois, Eastern Division, docket no. 14-cv-8132, which was filed on October 17, 2014.

1.18    "Net Settlement Fund" means the amount remaining in the Settlement Fund after notice and administration expenses and Class Counsel's legal fees and costs are deducted.

1.19    "Objection Deadline" means sixty (60) consecutive days from the Settlement Notice Date.

1.20    "Opt-Out Deadline" means sixty (60) consecutive days from the Settlement Notice Date.

1.21    "Plaintiff" means Glen Ellyn Pharmacy, Inc.

1.22    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

1.23    "Preliminary Approval Order" means an order to be entered by the Court, entitled "Preliminary Approval Order," substantially in the form attached hereto as **Exhibit 3**.

1.24    "Released Claims" means any and all causes of action, suits, claims, rights or demands, in law or in equity, known or unknown at this time, which any Settlement Class Member now has, did have, or may have in the future against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from the transmission of unsolicited facsimile advertisements by or on behalf of EXP to Settlement Class Members during the Settlement Class Period.

1.25    "Released Parties" means EXP and its affiliated entities (if any); its predecessors and successors in interest (including, but not limited to, Inmar, Inc.) and their present, former, and future affiliates, and the past and current officers, directors, shareholders, partners, members, employees, agents and insurers of the foregoing persons or entities in such capacities as they relate to the actions that are the subject of the Litigation.

1.26    "Settlement Agreement" means this Settlement Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the settlement among them and which is subject to Court approval.

1.27    "Settlement Class" means the conditional class that the Settling Parties have consented to for purposes of settlement only, as identified in paragraph 2.1.

1.28    "Settlement Class Members" means a person who is a member of the Settlement Class as identified in paragraph 2.1.

1.29    "Settlement Class Period" means October 17, 2010 to October 18, 2014.

1.30    "Settlement Fund" means the $35,000 nonreversionary fund created by Defendant, and distributed in the manner set forth in paragraph 2.2.

1.31 "Settlement Notice Date" means the date that the notice is first distributed pursuant to paragraph 2.7.

1.32 "Settling Parties" or "Parties" means Plaintiff and Defendant.

1.33 "Valid Claim Form" means a Claim Form that is: (a) completed; (b) represented to be truthful and correct to the best of the Settlement Class Member's knowledge; (c) returned to Class Counsel postmarked by the Claim Deadline; and (d) determined to be eligible for the recovery set forth in paragraph 2.2(B).

## TERMS AND CONDITIONS

2.1 **Conditional Certification of the Settlement Class**.

A. The Settling Parties stipulate to the conditional certification of the following class for settlement purposes only:

All persons and entities who were subscribers to fax numbers that were sent faxes by or on behalf of EXP between October 17, 2010 and October 18, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227.

Excluded from the Settlement Class are Defendant and Defendant Affiliates, their respective officers, employees, and attorneys.

B. For settlement purposes only, the Parties agree that, as part of the Preliminary Approval Order, the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Class subject to final findings and certification in the Final Approval Order, and appointing Plaintiff as class representatives and appointing Class Counsel as Settlement Class Counsel. For settlement purposes only, the Settlement Class is certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. EXP does not consent to certification of the Settlement Class for any purpose other than to effectuate the class-wide settlement of the Litigation as contemplated by this Agreement. If this Settlement Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction: (i) the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Settlement Agreement's termination or disapproval; (ii) this Action will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither this Settlement Agreement nor any other associated settlement document may be used in seeking class certification; and (iii) EXP reserves all procedural or substantive rights as of the date of execution of this Settlement Agreement.

C. Defendant represents that, based its investigation, including a review of its records that were provided to Plaintiff's counsel, approximately 409 unique fax numbers were identified to have been sent facsimiles similar to those attached as an exhibit to the

Class Action Complaint.  These faxes were sent by or on behalf of EXP during the Settlement Class Period.  EXP will provide to Class Counsel and/or the Class Administrator the Fax List. Some Settlement Class Members may have been sent more than one EXP facsimile, but in no event were more than 481 faxes in total sent to the Settlement Class Members.

2.2    **Disbursement of the Settlement Fund**.  The Settlement Fund shall be distributed as follows, subject to the Court's approval:

A.    Costs of class notice and administration shall be paid from the Settlement Fund; and

B.    After the notice and administrative expenses are deducted, as well as Class Counsel's legal fees and costs (as provided below) from the Settlement Fund, the remaining Net Settlement Fund shall be apportioned as follows, subject to court approval:

i.    $2,000 from the Net Settlement Fund shall be paid to plaintiff Glen Ellyn Pharmacy, Inc. as an incentive award in recognition of their services as class representatives; and

ii.    Each Settlement Class Member who submits a Valid Claim Form will receive a check for its pro rata share of the Net Settlement Fund up to the maximum statutory damages permitted under 47 U.S.C. § 227(b)(3), after the amounts set forth in subparagraphs (a) and (b)(i) are distributed.

C.    No amount of money remaining in the Net Settlement Fund shall revert to EXP.

D.    Any uncashed settlement checks or undistributed settlement funds remaining in the Net Settlement Fund after the distribution of monies to the Settlement Class Members in Subparagraph 5(c)(ii), shall be distributed via *cy pres* to an entity agreed upon between the Parties and approved by the Court.

E.    Within fourteen (14) days of the Effective Date, EXP shall deliver the Settlement Fund to the Class Counsel to be held in trust for distribution to the Settlement Class.  Within thirty (30) days following the Effective Date, the Class Administrator and/or Class Counsel shall distribute the Settlement Fund in accordance with this Agreement.

F.    Following entry of an order preliminarily approving the settlement (in a form substantially as attached as Exhibit 3 hereto) by the Court, each member of the Settlement Class shall have sixty (60) days to submit a claim form, to opt out, or object to the proposed settlement, after Notice (Exhibit 1 hereto) of the proposed settlement is sent to the Settlement Class as set forth in paragraph 15.

G.    Costs associated with notice, claims administration and distribution of settlement checks shall be paid from the Settlement Fund.  Administrative expenses include any work that the Class Administrator may perform as is deemed necessary by

agreement of the parties.  The Parties, through their counsel, shall mutually agree upon the Class Administrator.  Plaintiff and Defendant shall exchange estimates or bids from Class Administrators.  Notice and administrative expenses shall not exceed $1,000.

H.     The settlement checks issued to the Settlement Class Members for payment of claims under this Agreement will be void after sixty (60) days from the date of issuance.  Any Settlement Class Member who does not negotiate the claim payment check issued to them within sixty (60) days of the date of issuance of the settlement claim payment check, agrees that they rescind and withdraw their claim for monetary compensation under this Settlement Agreement but remain a Settlement Class Member and are bound by the terms of this Settlement Agreement.

I.     Defendant shall not be responsible for any payments or obligations other than those specified in this Agreement.

2.3     **Undistributed Settlement Funds.**  Within thirty (30) days following the last void date of the checks issued to Settlement Class Members for payment of claims, the Settlement Class Administrator will report to the Parties if there are any uncashed checks or unclaimed or undistributed settlement funds.  In the event that there are undistributed funds in the Settlement Fund after all payments required under this Agreement are made, the Parties may make proposals to the Court for equal distribution of such remaining funds to a *cy pres* recipient.

2.4     **Release**.

A.     Plaintiff and the Settlement Class Members, hereby fully release and discharge the Released Parties from any and all liability for the Released Claims.

B.     Plaintiff and each Settlement Class Member, hereby fully release and discharge the Released Parties from any and all liability for any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which each such Settlement Class member now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to the Released Claims.

C.     This Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the claims released herein.  Without admitting that California law or the laws of any other state apply to this Agreement or that the release provided by Plaintiff and the Settlement Class is a general release, the Parties agree that upon the Effective Date, the Settlement Class shall be deemed to have waived and shall have expressly waived the provisions and benefits of California Civil Code §1542, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or settlement with the debtor.  Further, Plaintiff and the Settlement Class Members, expressly waive any and all provisions and rights or benefits which may be conferred upon them by any law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

2.5    **Effects of Non-Approval of Settlement**.  If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

2.6    **Attorneys' Fees, Notice Costs and Related Matters**.  The Class Administrator and/or Class Counsel will administer the Settlement Fund for the benefit of the Settlement Class Members.  Class Counsel will request approval from the Court for attorneys' fees and costs in an amount not to exceed 1/3 of the Settlement Fund.  Class Counsel will not request additional fees or costs from Defendant or the Settlement Class Members other than the above-referenced sums. Class Counsel shall file their fee petition twenty-eight (28) days prior to the deadline to submit objections, as set forth in paragraph 2.9.

2.7    **Class Notice**.

A.    Within five (5) days of entry of the Preliminary Approval Order, EXP's Counsel shall provide Class Counsel and/or the Class Administrator with the Fax List in MS Word or Excel format.  Within thirty-five (35) days of entry of the Preliminary Approval Order, Class Counsel and/or the Class Administrator shall cause a Notice in the form of Exhibit 1 which includes a Claim Form to be faxed to each Settlement Class Member on the Fax List.  The Class Administrator shall make at least two attempts to transmit the Notice by fax to those numbers where the initial transmission failed.

B.    Within twenty-one (21) days of the date that the Notice was first sent by fax, Class Counsel and/or the Class Administrator may send the Notice and Claim Form by fax and/or U.S. Mail to each Settlement Class Member who did not submit a Claim form or otherwise respond to the Class Notice by that date.  If notice is sent by fax, the Class Administrator shall make at least two attempts to transmit the Notice by fax to those numbers where the initial transmission failed.

C.    Class Counsel will also post the Notice in the form of Exhibit 2, excluding a Claim Form, and this Settlement Agreement (excluding exhibits) on their firm's website.  Class Counsel or the Class Administrator shall provide any Settlement Class Member who contacts either of them, and requests a copy, a copy of the Notice or Claim Form with the Notice.

D.    Class Counsel and/or the Class Administrator shall retain all documents and records generated during the administration of the settlement including records of notice given to Class Members, confirmations of transmittals of such notices by email, records of undelivered email, claim forms, and payment to Class Members for a period of one year following the issuance of the Final Approval Order, and the expiration of all deadlines for appeal therefrom.  The Fax List and all other documents and records generated during the administration of the settlement shall be used for purposes consistent with notice and administration of this settlement and for no other purpose.

2.8  **Claim Validation**.

A.  Class Counsel shall attempt to match the fax number provided by the Settlement Class Member on a returned Claim Form to a fax number on the Fax List.  If the fax number does not match, then Class Counsel shall follow-up with the Settlement Class Member and inquire if they were a subscriber to other fax numbers during the Class Period (to ascertain if any different fax number is a number on the Fax List), in an effort to determine whether the claim is a valid claim.

B.  If the fax number or fax numbers provided on a Claim Form do not match the list, and the follow-up with the Settlement Class Member has not resolved the issue, Class Counsel shall disallow the claim.  Plaintiff and Defendant shall have the right to review the eligibility determinations made and, if either Party challenges any eligibility determination, it shall apprise the other Party of the challenge, and the Parties, through their respective counsel, shall meet and confer in good faith in an attempt to resolve any challenged claim.  If the Parties are unable to resolve such a challenge, the Parties shall submit the challenge to the Court for resolution.  The Settling Parties shall each bear their own respective costs associated with any such challenge.

C.  Settlement Class Members submitting Valid Claim Forms shall be paid a pro rata share of the Settlement Fund in accordance with this Agreement.

2.9  **Opt-Out/Exclusion/Right to Object/Participation**.

A.  Opt-Out/Exclusion.  All Class Members who properly file a written request for exclusion from the Settlement Class by the Opt-Out Deadline shall be excluded from the Settlement Class and shall have no rights as Settlement Class Members pursuant to this Settlement Agreement.  A request for exclusion must be in writing and state the name, address, and facsimile phone number (to which the fax was sent) of the person(s) or entity seeking exclusion.  Each request must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation."  The request must be mailed to Class Counsel at the address provided in the Notice and postmarked or received by Class Counsel on such date as set by the Court.  A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked or received by Class Counsel within the time specified, shall be invalid and the person(s) serving such a request shall remain a Settlement Class Member and shall be bound by the terms of the Settlement Agreement, if approved.  Class Members shall have at least sixty (60) days from the date that Notice is sent to opt out of the settlement set forth in this Settlement Agreement.

B.  Objection.  Any Settlement Class Member may object to the Settlement Agreement and appear in person or through counsel, at his, her or its own expense.  The Objection Deadline shall be set by the Court in the Preliminary Approval Order and the Parties shall propose that it be at least sixty (60) days after the Notice is sent.  Any Settlement Class Member may object to the Settlement Agreement by filing with the Court and mailing a copy of the objection to Plaintiff's Counsel and Defendant's

Counsel. Any objection must include: (i) the name, address, and facsimile phone number of the person(s) or entity objecting to the Settlement Agreement; (ii) a statement of the objection to the Settlement Agreement; (iii) an explanation of the legal and factual basis for the objection; and (iv) documentation, if any, to support the objection.

2.10 **Preliminary Approval Order**. As soon as practicable after the execution of this Settlement Agreement, and only after review by Defendant's counsel, Class Counsel shall file a Motion for Preliminary Approval of this Settlement Agreement and shall present such motion to the Court requesting the entry of a Preliminary Approval Order substantially in the form of Exhibit 3 or in such other form which is mutually acceptable to the Parties.

2.11 **Final Approval Order**. Class Counsel shall, only after review by Defendant's counsel, file a memorandum in support of final approval of the Settlement, prior to the date the Court sets for the final approval hearing. Prior to the filing of the Final Approval Memorandum, Class Counsel shall file a petition for an award of attorneys' fees and costs. Class Counsel shall request the Court to enter a Final Approval Order substantially in the form of Exhibit 4, or in another form which is mutually acceptable to the Parties. Pursuant to CAFA, the Final Approval Order shall not be entered until the expiration of at least ninety (90) days from the date the preliminary approval order was entered. Entry of a Final Approval Order substantially in the form of Exhibit 4 or in another form which is mutually acceptable to the Parties is a condition precedent to this Settlement Agreement becoming fully effective. In the event a Final Approval Order substantially in the form of Exhibit 4 or in another form which is mutually acceptable to the Parties is not entered, then this Agreement shall be null and void and is rescinded.

2.12 **Nonsubstantive Changes**. The fact that the Court may require non-substantive changes to documents attached as Exhibits 1 through 4 does not invalidate this Settlement Agreement.

2.13 **Release of Attorney's Lien**. In consideration of this Settlement Agreement, upon the Parties' releases set forth in paragraph 2.4 becoming effective, Class Counsel hereby waive, discharge and forever release Defendants from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with the Lawsuit. If any Party or his/her/its counsel is compelled to prosecute any further proceedings to obtain compliance with this Settlement Agreement, and the Party that initiated the proceedings to obtain such compliance prevails in such proceedings, that Party shall be entitled to reasonable attorneys' fees and costs related to any such proceedings.

2.14 **Dismissal Order.** At the hearing on Final Approval of the Settlement, Class Counsel shall present an Order or Stipulation of Dismissal dismissing the claims of Plaintiff and the Settlement Class Members, except those who have opted out of or have been excluded from the Settlement, against EXP with prejudice and without costs, except as those provided by the parties' agreement.

2.15 **Applicable Law.** This Settlement Agreement shall be governed by and interpreted in accordance with the state law of the State of Illinois without regard to conflicts of law principles.

2.16    **Benefit of this Settlement Agreement.**    This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Released Parties and Settlement Class Members and each of their respective successors and personal representatives, predecessors, affiliates, heirs, executors and assigns.  It is expressly understood by the Parties that the Released Parties are intended third-party beneficiaries of this Settlement Agreement.

2.17    **Right to Set Aside Settlement Agreement.**  EXP shall have the right, but not the obligation, to set aside or to rescind this Settlement Agreement, if more than 25 Settlement Class members submit non-duplicative, timely and valid requests for exclusion from this Settlement Class.   EXP must timely exercise its right to rescind the Agreement by filing a Notice of Rescission with the Clerk of the Court prior to the entry of a Final Approval Order by the Court.

2.18    **Miscellaneous Provisions**.

A.    No Admission of Liability.  Whether or not this Settlement Agreement and the settlement contemplated hereunder are consummated, this Settlement Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of EXP of any liability or wrongdoing whatsoever.

B.    Authority.  The Parties hereby represent to one another that they have full power and authority to enter into this Settlement Agreement and carry out their obligations.

C.    Entire Agreement.   Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Settlement Agreement are merged into and with this Settlement Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof.   This Settlement Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Settlement Agreement and may not be amended, modified or changed orally.

D.    Counterparts.    This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument.   Signatures provided by facsimile or email shall be deemed legal and binding for all purposes.

E.    Headings.  The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of the same.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below:

**PLAINTIFF**

**DEFENDANT**

*Glen Ellyn Pharmacy, Inc.*

*EXP Pharmaceutical Services Corp.*

By: _Robert E. Lisecki_

By: _____

Its: _President_

Its: _____

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379

*Counsel for Glen Ellyn Pharmacy, Inc.*

David S. Almeida
David M. Poell
Mark S. Eisen
SHEPPARD MULLIN
RICHTER & HAMPTON LLP
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone: (312) 499-6300
Facsimile: (312) 499-6301

*Counsel for EXP Pharmaceutical Services Corp.*

-12-

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below:

PLAINTIFF                                      DEFENDANT

*Glen Ellyn Pharmacy, Inc.*                    *EXP Pharmaceutical Services Corp.*


By:_____              By: _Frederick R. Jorgensen_____
                                               Frederick R. Jorgensen

Its:_____              Its: _EVP-General Counsel & Secretary_


                                                                        4/8/15
_____          _____
Daniel A. Edelman                          David S. Almeida
Cathleen M. Combs                          David M. Poell
James O. Latturner                         Mark S. Eisen
Dulijaza (Julie) Clark                     **SHEPPARD MULLIN**
EDELMAN, COMBS, LATTURNER &                **RICHTER & HAMPTON LLP**
GOODWIN, LLC                               70 West Madison Street, 48th Floor
20 South Clark Street, Suite 1500          Chicago, Illinois  60602
Chicago, Illinois  60603                   Telephone:  (312) 499-6300
Telephone:  (312) 739-4200                 Facsimile:  (312) 499-6301
Facsimile:  (312) 419-0379

*Counsel for Glen Ellyn Pharmacy, Inc.*    *Counsel for EXP Pharmaceutical Services Corp.*

# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT:** *GLEN ELLYN PHARMACY, INC. v. EXP PHARMACEUTICAL SERVICES CORP.*, No. 14 C 8132

*THIS IS **NOT** A SOLICITATION. THE SENDING OF THIS NOTICE BY FACSIMILE HAS BEEN APPROVED BY THE COURT.*

**I. THE LAWSUIT:** Glen Ellyn Pharmacy, Inc. ("Plaintiff") sued EXP Pharmaceutical Services Corp. ("EXP" or "Defendant") alleging that it received an unsolicited fax advertisement from EXP promoting its goods or services that did not contain a proper opt out notice. Plaintiff alleged that these faxes violated the Telephone Consumer Protection Act ("TCPA") and constituted common law conversion. EXP denies these allegations, but agreed to settle to avoid the costs and uncertainties of litigation.

**II. WHO IS INCLUDED:** EXP's records show that you were sent one or more faxes promoting its goods/services between October 17, 2010 and October 18, 2014 and may be included in the Settlement. Specifically, the Court certified a "Settlement Class" of: All persons and entities who were subscribers to fax numbers that were sent faxes by or on behalf of EXP between October 17, 2010 and October 18, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227

**III. THE PROPOSED SETTLEMENT:** EXP has agreed to pay a $35,000 Settlement Fund. Before making payments to Settlement Class members, the Settlement Fund will be used to pay notice and administrative expenses (in an amount not to exceed $1,000), a $2,000 incentive award to Glen Ellyn Pharmacy, Inc. and attorneys' fees (an amount not to exceed $11,666.66, which is 1/3 of the Settlement Fund). Each Class Member who submits a valid claim will receive an equal *pro rata* share of the Net Settlement Fund (up to $1,500). Your share of the Settlement Fund depends on how many Settlement Class members submit Claim Forms. This notice is being sent to approximately 409 Settlement Class members who were sent no more than 481 faxes.

**III. WHO REPRESENTS YOU:** The Court appointed Cathleen M. Combs, Dulijaza Clark, James O. Latturner, and Daniel A. Edelman from Edelman, Combs, Latturner, & Goodwin, LLC to represent the Settlement Class as Class Counsel.

**IV. YOUR LEGAL RIGHTS AND OPTIONS: (1) Submit a Claim Form**. You must complete and submit the attached Claim Form by ----------, 2015 to receive a cash payment. The value of each individual settlement payment cannot be determined until the Claims Deadline has passed and all claims have been verified. If your payment exceeds $599.99 you will be sent and be required to complete and submit a W-9. If you are entitled to receive over $599.99 and you do not submit a completed W-9 as well as your Claim Form, your payment will be $599.99. **(2) Exclude Yourself.** If you do not wish to participate in the Settlement you may exclude yourself from it by ----------, 2015 by sending (via US Mail) a letter to Class Counsel at Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, IL 60603, fax: (312) 419-0379, The Notice of Exclusion must state your name or your company's name, address, the fax number to which you were sent the fax, the case name and number, and state that you wish to be excluded from the Settlement Class. If you exclude yourself from the Settlement you will not receive a payment and you will not release any claims against EXP. **(3) Object.** If you do not exclude yourself, you can file an objection, either on your own or through an attorney, explaining why you think the Court should not approve the settlement. The objection must contain the case name and number; your name and address; the fax number to which you were sent the fax; a statement of your objection; an explanation of the legal and factual basis for the objection; and documentation, if any, to support your objection. The objection must be filed by ----------, 2015 with (1) the Clerk of the United States District Court, Northern District of Illinois, 219 S. Dearborn, Chicago, IL 60604; and sent to (2) Edelman, Combs, Latturner, & Goodwin, LLC (29350), 20 S. Clark St., Suite 1500, Chicago, IL 60603; and (3) David S. Almeida, Sheppard Mullin Richter & Hampton LLP, 70 W. Madison Street, 48th Floor, Chicago, IL 60602. **(4) Do Nothing.** If you do nothing you will not receive a cash recovery, but you will be bound by all the terms of the Settlement Agreement.

**V. WHAT AM I GIVING UP UNDER THE SETTLEMENT?** If the settlement becomes final, you will be releasing EXP for any claims you may have relating in any way to any unsolicited advertising faxes it sent to you during the class period. The Released Claims are fully explained in the Settlement Agreement, available at www.edcombs.com.

**VII. FINAL APPROVAL HEARING:** The Court has scheduled a Final Approval Hearing before Judge Pallmeyer on ----------, 2015 at ------ in Courtroom 2141 of the United States District Courthouse for the Northern District of Illinois at 219 S. Dearborn St., Chicago, IL 60604. You or your attorney may attend this hearing if you desire and request to address the Court regarding any matters relating to this Settlement.

**VIII. MORE INFORMATION:** More information is available at www.edcombs.com You may also inspect the pleadings and other papers that have been filed in this case at the office of the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604. If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel. **THE COURT AND THE DEFENDANT CANNOT PROVIDE INFORMATION.**

**BY ORDER OF THE U.S. DISTRICT COURT, N.D. Ill.**

<u>CLAIM FORM</u>

***GLEN ELLYN PHARMACY, INC. v. EXP PHARMACEUTICAL SERVICES CORP.,***
***No. 14 C 8132*** **(N.D. Ill.)**
**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED ON OR BEFORE ----------, 2015 TO THE FOLLOWING:**

**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC, 20 S CLARK, SUITE 1500CHICAGO, IL 60603**

IF YOU DO NOT SUBMIT A COMPLETED CLAIM FORM BY THE DATE INDICATED YOU WILL NOT RECEIVE A CASH PAYMENT UNDER THIS SETTLEMENT. THE VALUE OF EACH INDIVIDUAL SETTLEMENT PAYMENT CANNOT BE DETERMINED UNTIL THE CLAIMS DEADLINE HAS PASSED AND ALL CLAIMS HAVE BEEN VERIFIED.

**INSTRUCTIONS**: You must provide all required information below and sign the claim form and submit online or mail the claim form. You may be required to submit a W-9 form if the value of your claim exceeds $599.99. If you are required to submit a W-9 form and do not do so, your recovery will be limited to $599.99.

Please print or type the following information:

NAME OF PERSON OR ENTITY THAT SUBSCRIBED TO THE FAX LINE (a subscriber is the person or entity that maintained the account with the telecommunications company):

**Company Name**

**Contact Name**

Last
First

**Address:**

Line 1:
Line 2:
City/St/Zip

**Day Time Phone (area code-number):**

Telephone

**Fax Number** at which you received fax from EXP (area code-number):

Fax

Verification:
I submit that the foregoing information is true and correct to the best of my knowledge, information and belief.

_____     Date: _____
    Signature

_____
Print name and title

**IT IS YOUR RESPONSIBILITY TO KEEP A CURRENT ADDRESS**
**ON FILE WITH CLASS COUNSEL.**

EXHIBIT 2
# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## *GLEN ELLYN PHARMACY, INC. v. EXP PHARMACEUTICAL SERVICES CORP.*, No. 14 C 8132

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*THIS IS **NOT** A SOLICITATION.*
*THE SENDING OF THIS NOTICE BY FACSIMILE HAS BEEN APPROVED BY THE COURT.*

**YOU RECEIVED THIS NOTICE BECAUSE THE RECORDS OF DEFENDANT INDICATE YOU ARE A MEMBER OF THE PROPOSED SETTLEMENT CLASS IN THIS CASE. PLEASE READ THIS NOTICE CAREFULLY. IF YOU WISH TO BE PAID BENEFITS UNDER THIS SETTLEMENT, YOU MUST SUBMIT A CLAIM FORM BY ----------, 2015.**

### I.   WHY YOU RECEIVED THIS NOTICE

You received this notice because the records of Defendant EXP Pharmaceutical Services Corp. ("EXP" or "Defendant") show that you were sent one or more facsimiles which promoted the goods or services of EXP during the period October 17, 2010 to October 18, 2014. If this is true then you are a member of the Settlement Class in a class action lawsuit filed against EXP.

### II.   WHAT IS THE LAWSUIT ABOUT?

Plaintiff Glen Ellyn Pharmacy, Inc. ("Plaintiff"), sued EXP alleging that it received unsolicited facsimile advertisements sent by EXP promoting its goods or services for sale. Plaintiff further complains that the faxes in question did not contain an opt-out notice as required by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleged that the sending of these faxes violated the TCPA and constituted common law conversion. Plaintiff sought to represent a class of persons to whom EXP sent the alleged unsolicited advertising facsimiles. EXP denies these allegations but has agreed to settle to avoid the costs and uncertainties of litigation. EXP will vigorously defend the lawsuit if the proposed settlement is not approved. Plaintiff has brought this action on behalf of itself and the Settlement Class set forth below. The Court has preliminarily certified the Settlement Class which has been defined as:

> All persons and entities who were subscribers to fax numbers that were sent faxes by or on behalf of EXP between October 17, 2010 and October 18, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227.

### III.   WHO REPRESENTS YOU

The Court has appointed Edelman, Combs, Latturner, & Goodwin, LLC to represent the Settlement Class as Class Counsel. Class Counsel may be contacted at: **Edelman, Combs, Latturner, & Goodwin, LLC (29350), 20 S. Clark St., Suite 1500, Chicago, IL 60603; 312-739-4200, (312) 419-0379 (FAX), www.edcombs.com.**

### IV.   WHAT IS THE PROPOSED SETTLEMENT?

The parties to the lawsuit have agreed to settle after extensive negotiations. Under the proposed settlement, EXP has agreed to pay a Settlement Fund in the amount of $35,000 (the "Settlement Fund"). Notice and administrative expenses will be paid from the Settlement Fund (up to a maximum of $1,000.00). If this settlement is approved by the Court the Net Settlement Fund will also cover a $2,000 incentive award to Plaintiff Glen Ellyn Pharmacy, Inc. for its services as class representatives, and attorneys' fees to Class Counsel (an amount not to exceed $11,666.66, which is 1/3 of the Settlement Fund). After these amounts are deducted, each Class Member who submits a valid claim by ----------, 2015 will receive an equal share of the remaining funds, up to $1,500. Your share of the Settlement Fund depends on how many Settlement Class members submit Claim Forms. This notice is being sent to approximately 409 persons or entities that were sent no more than 481 faxes. The recovery to each Settlement Class member who submits a valid claim will be determined based on the number of Settlement Class members who submit claims.

### V.   SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS

**(1) Remain a member of the Settlement Class and submit a claim to receive a portion of the Settlement Fund.** In order to receive a cash payment under this settlement you must fully complete and submit the Claim Form at the end of this notice in the manner indicated (see instructions on Claim Form) by ----------, 2015. If you do not submit a fully completed Claim Form by the date indicated you will not receive a cash payment and you will still remain a member of the Settlement Class and be bound by the terms of the Settlement Agreement. Under federal tax laws if you receive a payment in excess of $599.99, the person making the payment is required to obtain a form W-9 from you. If you are entitled to recover payment in excess of $599.99, then you must also submit a completed W-9 form, which will be sent to you after the Final Approval Hearing. If you are entitled to recover payment in excess of $599.99 and you do not submit a completed W-9 form in addition to your Claim Form, then you waive the right to receive the full amount of your recovery and your recovery will be limited to $599.99. The value of each individual settlement payment cannot be determined until the Claims Deadline has passed and all claims have been verified.

**(2) Exclude Yourself from the Settlement.** If you do not wish to participate in the Settlement, you may exclude yourself from the Settlement by sending (via US Mail) a letter of notice of your intent to be excluded from the Settlement to Class Counsel at Edelman, Combs, Latturner & Goodwin, LLC (29350), 20 S. Clark St., Suite 1500, Chicago, IL 60603. The notice of exclusion must state your name (or the name of your company), address, and the fax number at which you were sent a fax from EXP, and the case name and number at the top of this notice, and state that you wish to be excluded from the Settlement Class. The Notice of Exclusion must be sent or postmarked on or before ----------, 2015 or you will remain a Settlement Class member. If you exclude yourself from the Settlement you will not be eligible to receive a cash payment under the Settlement and you will not be releasing any claims you may have against EXP.

**(3) Object to the Settlement.** You have the right to tell the Court that you object to the Settlement or any part of it by filing a written objection with the Clerk of the Court advising the Court of your objection. If you wish to object to the Settlement you must remain a member of the Settlement Class and you cannot exclude yourself from the Settlement Class. Either on your own or through an attorney you can file an objection explaining why you think the Court should not approve the settlement. You may file the objection with the Clerk of the United States District Court, Northern District of Illinois, 219 S. Dearborn, Chicago, IL 60604. The objection must contain at the top the case name and number – Glen Ellyn Pharmacy, Inc. v. EXP Pharmaceutical Services Corp., No. 14 C 8132; your name, address and the fax number for the facsimile machine on which you were sent the fax by EXP; a statement of your objection to the Settlement Agreement, an explanation of the legal and factual basis for the objection; and documentation, if any, to support your objection. The objection may be filed with the Clerk of the Court on before ----------, 2015. The Court will consider your objection if you properly submit an objection on time. You must also mail a copy of your objection to Class Counsel at the address provided in paragraph III and to Defendant's Counsel at the following address: David S. Almeida, SHEPPARD MULLIN RICHTER & HAMPTON LLP, 70 W. Madison Street, 48th Floor, Chicago, IL 60602.

**(4) Do Nothing.** You are not required to take any action and may simply do nothing. If you do nothing you will remain a member of the Settlement Class but you will not receive a cash recovery and will be bound by all the terms of the Settlement Agreement including but not limited to a release of any claims you may have against EXP for sending you unsolicited fax advertisements.

## VI.  WHAT AM I GIVING UP under the settlement?

If the settlement becomes final, you will be releasing EXP from any claims you may have relating to or arising from the transmission of in any way any unsolicited advertising facsimiles sent to you from October 17, 2010 to October 18, 2014. This release is more fully explained in the Settlement Agreement which is available at the Clerk's Office during regular business hours, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, and is also posted on www.edcombs.com.

## VII.  FINAL APPROVAL HEARING

The Court has scheduled a final approval hearing before Judge Pallmeyer on ----------, 2015 at ----- in Courtroom 2141 of the United States District Courthouse for the Northern District of Illinois at 219 S. Dearborn St., Chicago, IL 60604. You do not have to appear at this hearing. You or your attorney may attend this hearing if you desire and request to address the Court regarding any matters relating to this Settlement.

## VIII.  WHERE CAN I GET MORE INFORMATION?

This notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. You may inspect the pleadings and other papers (including the proposed Settlement Agreement) that have been filed in this case number, 14 C 8132, at the office of the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., 20th FL., Chicago, IL 60604. The Settlement Agreement (excluding exhibits) is also available on www.edcombs.com. If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel at the address and phone number listed above. **DO NOT CONTACT THE COURT OR DEFENDANT FOR INFORMATION.**

BY ORDER OF THE U.S. DISTRICT COURT, N.D. Ill.

**EXHIBIT 3**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| Individually and on behalf of all others | ) | |
| similarly situated, | ) | Case No. 1:14-cv-08132 |
| | ) | |
| Plaintiff, | ) | Hon. Judge Rebecca R. Pallmeyer |
| | ) | |
| v. | ) | Hon. Magistrate Judge Sidney L. Schenkier |
| | ) | |
| EXP PHARMACEUTICAL SERVICES | ) | |
| CORP., and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiff Glen Ellyn Pharmacy, Inc. ("Plaintiff") for Preliminary Approval

of Class Action Settlement and Notice to the Class with Defendant EXP Pharmaceutical Services

Corp. ("EXP" or "Defendant") came on for hearing on ------------, 2015.

Having considered Plaintiff's moving papers, the signed Settlement Agreement (the

"Settlement Agreement") attached as <u>Appendix A</u> to Plaintiff's Motion for Preliminary

Approval, and all other evidence submitted concerning Plaintiff's motion, and being duly

advised in the premises, the Court hereby finds that:

(a)     The settlement proposed in the Settlement Agreement has been negotiated in good

faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the

best interests of the Settlement Class (as defined below).

(b)     The Class Notice (as described in the Settlement Agreement) fully complies with

Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice

practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c)     With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d)     This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1.     The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2.     The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities who were subscribers to fax numbers that were sent faxes by or on behalf of EXP between October 17, 2010 and October 18, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the

Class Representative are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.  The Court preliminarily appoints Plaintiff Glen Ellyn Pharmacy, Inc. as Class Representative of the Settlement Class and finds that it meets the requirements of Fed. R. Civ. P. 23.

4.  The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23: Cathleen M. Combs, Dulijaza Clark, James O. Latturner, and Daniel A. Edelman of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603.

5.  If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order; (b) this case shall proceed as though the Settlement Class had never been certified; and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the

settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

6.     The Class Counsel shall give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

7.     The form of notice that Class Counsel will provide is attached as <u>Exhibit 1</u> to the Settlement Agreement. By ------------, 2015, Class Counsel is ordered to send the Notice and Claim Form via fax substantially in the form of <u>Exhibit 1</u>, including a Claim Form, to those identified on the Fax List. Class Counsel shall make at least two attempts to transmit the Notice by fax to those numbers where the initial transmission failed. Class Counsel will also publish Exhibit 2, and the Settlement Agreement (excluding exhibits) on their firms' respective websites. This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit. Within twenty-one (21) days of the date that the Notice was first sent by fax, the Class Administrator may provide a second round of notice in the form of Exhibit 1 to the Settlement Agreement by facsimile and/or U.S. Mail to those Settlement Class Members who have not responded to the Class Notice. The Court finds that no other notice is necessary. The Administrator and/or Settlement Class Counsel shall provide the Notice and/or the Claim Form to Class Members who call to request it.

8.     To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a)     Claim Forms shall be returned by Class Members to Class Counsel online, by fax, or mail postmarked on or before ------------, 2015.  Claims not submitted by this date shall be barred.

(b)     Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by mail postmarked to Class Counsel and Defendant's Counsel on or before ------------, 2015, or shall be forever barred.  Each objection must contain the following information:  (i) the objector's name (or business name, if the objector is an entity), and address; (ii) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (iii) a statement of the objection to the Settlement Agreement; (iv) an explanation of the legal and factual basis for the objection; and (v) documentation, if any, to support the objection.

(c)     All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Class Counsel and counsel for Defendant by fax or mail postmarked on or before ------------, 2015, or shall be forever barred.

(d)     Requests by any Class Member to opt out of the settlement must be mailed to Class Counsel on or before ------------, 2015, or shall be forever barred.  A notice of intention to opt out must contain the following information:  (a) the Class Member's name, address, and the telephone number for the facsimile machine on which the Class Member was sent the fax; and (b) a statement to the effect that the Class Member does

5

not want to participate in the settlement and waives all rights to any benefits of the settlement.

9.      Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than ------------, 2015.

10.     Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by ------------, 2015.

11.     The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on ------------, 2015 at ------.

12.     All papers in support of the Settlement Agreement shall be filed no later than ------ -------, 2015, 2015.  Any responses to objections shall be filed with the Court on or before -------- ----, 2015.  There shall be no replies from objectors.

13.     In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

14.     The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

15.     Costs associated with notice, claims administration and distribution of settlement checks shall come from the Settlement Fund.  Defendant shall advance costs of notice and administration from the Settlement Fund (not to exceed $1,000) and provide the Fax List to Class Counsel within five (5) days after this Order is entered.

16.     Class Counsel to file their fee petition by ------------, 2015, twenty-eight (28) days prior to the deadline for Class Members to submit objections.

ENTERED:

Dated: _____          _____
                                        United States District Judge

EXHIBIT 4
# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| Individually and on behalf of all others | ) | |
| similarly situated, | ) | Case No. 1:14-cv-08132 |
| | ) | |
| Plaintiff, | ) | Hon. Judge Rebecca R. Pallmeyer |
| | ) | |
| v. | ) | Hon. Magistrate Judge Sidney L. Schenkier |
| | ) | |
| EXP PHARMACEUTICAL SERVICES | ) | |
| CORP., and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER FINALLY APPROVING THE SETTLEMENT

On ----------, 2015, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Glen Ellyn Pharmacy, Inc. ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant EXP Pharmaceutical Services Corp. ("EXP" or "Defendant"), as memorialized in the Settlement Agreement (the "Settlement Agreement").

On ----------, 2015, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. [_____ persons appeared in Court seeking to address the proposed settlement.] Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1.	This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2.	The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.	This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class.  Therefore, all members of the Settlement Class who have not opted out (*i.e.*, <u>identify those parties who opt out</u>) are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4.	The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities who were subscribers to fax numbers that were sent faxes by or on behalf of EXP between October 17, 2010 and October 18, 2014, promoting the commercial availability or quality of its property, goods or services and which do not contain an opt out notice as described in 47 U.S.C. § 227.

5.	The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.      Glen Ellyn Pharmacy, Inc. is designated as representatives of the Settlement Class.

7.      Cathleen M. Combs, Dulijaza Clark, James O. Latturner, and Daniel A. Edelman of Edelman, Combs, Latturner and Goodwin, LLC is appointed as Class Counsel.

## Class Notice

8.      The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action.  The Court has approved the forms of notice to the Settlement Class.

9.      With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  Notice was given by facsimile to each Settlement Class Member whose identity could be identified through reasonable effort.  Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice on its firm website, www.edcombs.com.  These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of ____ valid and timely claim forms were submitted.

## Objections and Opt-Outs

10.      [_____ objections were filed by Class Members.]

11.      A total of ___ entities have validly requested exclusion from the Settlement Class. The entities that have validly opted out of the settlement are:  [ _____] Dkt. Nos. ##.

## Class Compensation

12.     In accordance with the terms of the Settlement Agreement, EXP shall provide a total of $35,000 to create a Settlement Fund, less any costs advanced for notice and administrative expenses pursuant to the Settlement Agreement.  No portion of the Settlement Fund shall revert back to EXP.

## Releases

13.     Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Award

14.     The Court has considered Class Counsel's application for attorneys' fees.  The Court awards Class Counsel the sum of $_____ as an award of attorney's fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable.

15.     The Court grants Class Counsel's request for an incentive award to the class representative and awards $2,000 to Glen Ellyn Pharmacy, Inc.  The Court finds that this payment is justified by the Class Representative's service to the Settlement Class.  This payment shall be made from the Settlement Fund.

## Other Provisions

16.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17.     Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval

Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18. The Court orders EXP, or their agents, to deliver the Net Settlement Fund to Class Counsel, within fourteen (14) days of the Effective Date as that term is defined in the Settlement Agreement.

19. Class Counsel or the Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as that term is defined in the Settlement Agreement.

20. Class Counsel or the Class Administrator shall make the *cy pres* payment to [_____] thirty (30) days after expiration of the void date on the Class Members' checks.

21. Class Counsel and/or the Class Administrator shall file an affidavit of final accounting of the settlement by ----------, 2015.

22. [_____], shall be the Class Administrator to make claim payments and issue and collect W-9 forms.

23. A hearing on the final accounting of the settlement and for entry of a dismissal order is set for _____, 2015 at _____.

ENTER:

Dated: _____            _____

United States District Judge